UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHIHWA HWANG-MEZA, | CASE NO. C26-1073JLR |
| Plaintiff, | ORDER |
| v. | |
| GATES FOUNDATION, | |
| Defendant. | |

Before the court is *pro se* Plaintiff Shihwa Hwang-Meza's motion for limited *in camera* review and related relief.  (Mot. (Dkt. # 7); Reply (Dkt. # 15).)  Defendant the Gates Foundation opposes the motion.  (Resp. (Dkt. # 14).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Ms. Hwang-Meza's motion.

Ms. Hwang-Meza brings employment discrimination, failure to accommodate, retaliation, and related claims arising from her employment with the Gates Foundation. (*See generally* Am. Compl. (Dkt. # 10).)  The Gates Foundation has a website called

ORDER - 1

EthicsPoint through which individuals can report concerns about potential violations of the Gates Foundation's code of conduct. (*See* Hwang-Meza Decl. (Dkt. # 7-1) ¶ 5, Ex. 3 (EthicsPoint website).) On that site, the Gates Foundation identifies attorney Pallavi Wahi, its "external legal counsel at Arnold & Porter [Kaye Scholer LLP ('Arnold & Porter'),]" as one of six individuals "who are familiar with and committed to ensuring compliance with the [Gates Foundation's] policies and Code of Conduct[.]" (*Id.*) Two attorneys from Arnold & Porter, neither of whom is Ms. Wahi, represent the Gates Foundation in this action. (*See* NOA (Dkt. # 5).)

Ms. Hwang-Meza now asks the court to conduct an *in camera* review:

> of limited materials sufficient to determine whether [Ms. Wahi] has a conflict of interest arising from her current role as external legal counsel to Defendant Gates Foundation and her public identification on the Foundation's EthicsPoint webpage as a person familiar with, and committed to ensuring compliance with, the Foundation's policies and Code of Conduct.

(Mot. at 1.) In a letter to counsel for the Gates Foundation, Ms. Hwang-Meza represented that she "need[s] to understand whether Ms. Wahi had any prior involvement in matters substantially related to this case or access to confidential information material to this dispute" because her claims "concern[] [her] employment, internal complaints, and related compliance issues[.]" (Hwang-Meza Decl. ¶ 2, Ex. 1) Counsel responded that "Arnold & Porter is not aware of any conflict that would preclude its representation of the Gates Foundation, and [does] not intend to provide further substantive information regarding [its] client relationships or internal conflict analysis." (*Id.* ¶ 4, Ex. 2.)

*In camera* review is appropriate only where the movant presents "a factual basis adequate to support a good faith belief by a reasonable person" that the review will reveal

ORDER - 2

evidence relevant to the claims at issue. *United States v. Zolin*, 491 U.S. 554, 572 (1989) (citation omitted and cleaned up). The court agrees with the Gates Foundation that Ms. Hwang-Meza's suspicion that a conflict of interest could arise from Arnold & Porter acting as its external counsel in both compliance and litigation is purely speculative and does not justify *in camera* review of materials regarding Ms. Wahi's Gates Foundation work. (*See generally* Resp.) Ms. Hwang-Meza cites no authority that would support a finding of a conflict of interest under the facts presented here. (*See generally* Mot.; Reply.) For example, neither of the Rules of Professional Conduct on which Ms. Hwang-Meza relies apply in this case because she is not a current or former client of Arnold & Porter. (*See* Mot. at 3-4 (citing Wash. RPC 1.7(a), 1.9)[1]); *see Burnell v. Lewis Brisbois Bisgaard & Smith LLP*, No. C22-0265JLR, 2022 WL 2237213, at *2 (W.D. Wash. June 22, 2022) (finding no conflict of interest where plaintiff, who previously worked for but was not a client of the defendant law firm, moved to disqualify the defendant law firm

//

//

//

//

//

[1] Rule 1.7(a)(2) provides that a lawyer shall not represent a client if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Wash. RPC 1.7(a)(2). Rule 1.9 governs a lawyer's duties to former clients and prohibits a lawyer from representing a person whose interests are adverse to a former client or from using or revealing information relating to a former client to the disadvantage of that former client. Wash. RPC 1.9.

ORDER - 3

from representing itself in the litigation).  Therefore, the court DENIES Ms. Hwang-Meza's motion for *in camera* review (Dkt. # 7).

Dated this 7th day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 4